**Reginald Basil HARRISON,**
**Respondent,**

v.

**Susan Denise (Harrison)**
**KING, Appellant.**

**No. ED 75416.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 30, 1999.

Kenneth C. McManaman, Cape Girardeau, for appellant.

Elizabeth H. Heisserer, Jackson, for respondent.

## OPINION

CRAHAN, Judge.

Susan Denise (Harrison) King (hereinafter "Mother") appeals the judgment of the Circuit Court of Cape Girardeau County denying her motion to disqualify a guardian ad litem pursuant to section 452.423.1 RSMo Cum.Supp.1998.[1] Mother claims she was entitled to disqualify the guardian ad litem as a matter of right under the newly-enacted statute pursuant to her timely filed written application.

The record reveals that Reginald Basil Harrison (hereinafter "Father") filed a motion to modify a visitation order made pursuant to a decree of dissolution on April 6, 1998. The trial court appointed Elizabeth Chastain ("Guardian") as guardian ad litem for the proceedings on June 29, 1998. On August 4, 1998, the court heard evidence on Father's motion to modify and the matter was taken under advisement. On August 13, 1998, the guardian ad litem filed her report, which was ultimately adopted by the trial court and incorporated into its initial judgment entered on August 14, 1998.

Meanwhile, the Governor signed into law amendments to the Family Law Act, which became effective on August 28, 1998. On September 3, 1998, Mother filed a motion for new trial, as well as a motion to disqualify the guardian ad litem pursuant to the newly enacted section 452.423.1.[2] A

---

1. All statutory references are to RSMo Cum. Supp.1998, unless otherwise indicated.

2. Section 452.423.1 provides:
 1. In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guard-
 ian ad litem in any proceeding in which child abuse or neglect is alleged. *Disqualification of a guardian ad litem shall be ordered in any legal proceeding only pursuant to chapter 210, RSMo, or this chapter, upon the filing of a written application by any party within ten days of appointment, or within ten days of August 28, 1998 if the appointment occurs prior to August 28, 1998. Each*

hearing was held on the pending motions and additional evidence was taken by the court on November 3, 1998. An amended judgment and decree was entered by the court on November 6, 1998, modifying a portion of its earlier judgment and denying Mother's motion to disqualify the guardian ad litem. This appeal followed.

Our standard of review is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.*

In her only point on appeal, Mother claims the trial court misapplied the law when it denied her motion to disqualify the guardian ad litem pursuant to newly amended section 452.423.1. Mother argues that her written application was filed within the time constraints established by the statute, and therefore she was entitled under the plain wording of the statute to disqualify the guardian ad litem once as a matter of right. The trial court, however, denied the motion stating that "it was not equitable to allow the parties to litigate their differences and after Respondent [Mother] receives a result she is not satisfied with to disqualify the Guardian Ad Litem."

The parties [3] admit in their briefs, and independent research confirms, there is no current case law addressing this particular amendment to the statute. Therefore, this court must interpret the applicable statutory provision by determining the legislature's intent when it enacted the statute.

Initially, we note that construction of a statute is a question of law, not judicial discretion. *Delta Air Lines, Inc. v. Director of Revenue,* 908 S.W.2d 353, 355 (Mo.banc 1995). As such, it falls within this court's province of independent review and correction, and consequently, no deference is given the trial court's determination of the law. *Barry Serv. Agency Co. v. Manning,* 891 S.W.2d 882, 887 (Mo. App.1995).

When interpreting a statute, our primary role is to ascertain the intent of the General Assembly from the language used in the statute and, whenever possible, give effect to that intent. *Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo.banc 1993). In determining legislative intent, the words used in the statute are to be considered in their plain and ordinary meaning. *Trailiner Corp. v. Director of Revenue,* 783 S.W.2d 917, 920 (Mo.banc 1990). Where the language of a statute is clear and unambiguous, we will give effect to the language as written and will not resort to statutory construction. *M.A.B. v. Nicely,* 909 S.W.2d 669, 672 (Mo.banc 1995).

The statutory provision in effect at the time Father's motion to modify was filed and initially heard by the trial court on August 8, 1998, provided in relevant part:

**452.423. Guardian ad litem, appointed, when, duties-fees-volunteer advocates, expenses**

1. In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

Our courts interpreted this section as giving the trial court discretion whether or not to remove a guardian ad litem from the proceedings. *See Guier v. Guier,* 918 S.W.2d 940 (Mo.App.1996)(removal of guardian ad litem is matter within sound

---

*party shall be entitled to one disqualification of a guardian ad litem in each proceeding, except a party may be entitled to additional disqualifications of a*

*guardian ad litem for good cause shown.* (emphasis added).

3. Only Mother and Guardian filed briefs on appeal.

discretion of appointing court); *K.S.H. v. D.J.H.*, 891 S.W.2d 144 (Mo.App.1995)(trial court did not err by denying motion of father to remove guardian ad litem even though father alleged guardian refused to contact witnesses with relevant evidence and held predetermined opinion regarding factual disputes).

As noted above, however, section 452.423.1 was subsequently amended effective August 28, 1998, to add the following language:

> Disqualification of a guardian ad litem shall be ordered in any legal proceeding only pursuant to chapter 210, RSMo, or this chapter, upon the filing of a written application by any party within ten days of appointment, or within ten days of August 28, 1998 if the appointment occurs prior to August 28, 1998. Each party shall be entitled to one disqualification of a guardian ad litem in each proceeding, except a party may be entitled to additional disqualifications of a guardian ad litem for good cause shown.

This was the language in effect at the time Mother filed her motion for new trial and motion to disqualify the guardian ad litem on September 3, 1998. Mother argues that the trial court was therefore without discretion to deny her motion to disqualify the guardian as her application was filed within ten days of its effective date. Guardian counters the trial court was within its discretion to determine that the new provision did not apply as it would not be equitable in this case to allow Mother to disqualify the guardian ad litem after the initial hearing was held and judgment entered.

■ Guardian's contention cannot be reconciled with the clear and unambiguous language of the statute. The addition of the third and fourth sentences to the statute must be given effect. When enacting changes to statutes, the legislature is presumed to understand the state of the law at the time of its enactment. *In re the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo.banc 1996). The legislature acts with a purpose, and we presume that it intended to change the law. *Kilbane v. Director of Dept. of Revenue*, 544 S.W.2d 9, 11 (Mo.banc 1976).

Section 452.423.1 now clearly and unambiguously indicates that the disqualification of a guardian ad litem *shall be ordered* by the trial court in a proceeding under this chapter upon the timely filing of a written application by any party to the proceeding. Use of the word "shall" clearly evidences the legislature's intent to change the law from that allowing the trial court discretion in such matters to that which grants the parties one disqualification of the guardian ad litem as a matter of right. The plain and ordinary meaning of the words in the statute leave no room for construction.

■ Mother was entitled to disqualify the guardian ad litem from the proceedings as a matter of right if her written application was timely filed. Guardian argues the application was not timely filed as a hearing had already been held on the motion to modify and a judgment rendered by the trial court. She contends that to allow Mother to disqualify her at that stage of the proceedings effectively allows her to relitigate the issue and get a "second bite at the apple."

■ The explicit wording of the statute dictates when a written application must be filed and does not require its filing prior to entry of judgment. Rather, the statute specifies that a written application is timely if filed within ten days of the appointment of the guardian ad litem, or within ten days of August 28, 1998, the effective date of the statute. By providing for disqualification of guardians appointed prior to the effective date of the statute, the legislature clearly contemplated the possibility that parties would remove guardians who had already performed substantial work in some cases. The implied legislative judgment that a party's right to disqualify outweighs any resulting ineffici-

ency is clearly within the province of the legislature, not this court.

 Disqualification of the guardian does not mean that the work of the guardian prior to disqualification is necessarily wasted. Her recommendations prior to disqualification were properly considered in rendering the initial and amended judgments. Further, the date of disqualification is the date the motion was presented to the court for ruling, not the date the motion was filed. Thus, we hold that Mother waived any objection to the guardian's participation at the hearing on the motion for new trial by not requesting that the disqualification motion be taken up prior to the hearing. Because there were no further proceedings prior to the entry of the amended judgment and decree and Mother does not claim the trial court erred in any other aspect of that judgment, the amended judgment and decree must be affirmed.

Mother filed her motion with the court on September 3, 1998, which was clearly within ten days of August 28, 1998. Thus, her motion to disqualify the guardian ad litem was filed within the time constraints established by the statute and the trial court erred in denying the motion. Pursuant to Rule 84.14, we modify the judgment to hold that Elizabeth Heisserer, f/k/a Elizabeth Chastain, is disqualified as guardian ad litem effective November 3, 1998. In all other respects the judgment is affirmed. The parties shall bear their own costs on appeal.

RHODES RUSSELL, C.J., Concurs.

KATHIANNE KNAUP CRANE, J., Concurs.