**In the Matter of Myrtle DUNN.**

No. ED 86151.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 10, 2006.

Andrew Gerard Toennies, St. Louis, MO, for appellant.

Armeta Dionne Cotton, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Barnes–Jewish Hospital ("Hospital"), through its designee Dr. Keith Isenberg ("Doctor"), appeals the judgment of the probate court dismissing his petition for involuntary electroconvulsive therapy to Myrtle Dunn ("Patient") pursuant to Section 630.130 RSMo 2000 [1] for lack of jurisdiction. We reverse.

Patient is an Illinois resident who, through her conservator Kathleen Moore ("Conservator"), sought treatment for chronic schizophrenia from Doctor at Hospital in the City of St. Louis. Conservator is also a resident of Illinois. After discussing the risks and benefits of electroconvulsive therapy with Doctor, Conservator agreed to permit Hospital to file a petition, as required by Section 630.130, requesting that Patient receive electroconvulsive therapy to treat Patient's illness on January 13, 2005. Although the probate court granted Hospital's previous petition for involuntary electroconvulsive therapy in September 2004, the court dismissed Hospital's January 13th petition for lack of jurisdiction *sua sponte.*

Hospital filed a motion to reconsider the dismissal on February 2, 2005. In response, on March 17, 2005, the probate court entered a written order explaining its reasons for dismissing Hospital's petition. In particular, the probate court found that Section 630.130, which governs the voluntary and involuntary administration of electroconvulsive therapy to a patient, only permits guardians or conservators of patients, or persons filing on their behalf, to petition for electroconvulsive therapy. The probate court further found that Missouri does not recognize foreign guardians or conservators of a non-resident ward appointed under the guardianship laws of another state. Because Conservator, as a foreign guardian, lacked standing to obtain a court order authorizing electroconvulsive therapy, the probate court held that Hospital likewise did not have standing to file the petition on Conservator's behalf.

Because of the probate court's ruling, Hospital transferred Patient to its St. Louis County facility and filed a petition in the St. Louis County probate court for electroconvulsive therapy. The St. Louis County probate court granted Hospital's petition. This appeal follows from the contrary judgment of the probate court for the City of St. Louis.

Because "[t]he mootness of a controversy is a threshold question in any appellate review of that controversy," *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D. 1998), we will address Hospital's third point regarding mootness first. In its third point, Hospital argues that the issues in this case are not moot despite the fact that Patient obtained electroconvulsive therapy under the order of the St. Louis County probate court. While we disagree

1.  Unless otherwise indicated, all statutory references are to RSMo 2000.

with Hospital's characterization of the issues presented as "not moot," we find that an exception to the mootness doctrine applies warranting review of Hospital's appeal on the merits.

██ When an event occurs that makes a court's decision unnecessary or makes the court's granting of relief impossible, the case is moot. *McNeil–Terry v. Roling*, 142 S.W.3d 828, 832 (Mo.App. E.D. 2004). Here, Patient received the treatment sought after a favorable ruling from the St. Louis County probate court. Because Patient already received the treatment, the case is moot because we are unable to grant relief and any decision we make would be unnecessary. However, we may, in our discretion, review the merits of Hospital's appeal if one of the exceptions to the mootness doctrine applies. *See id.* The first exception occurs if a case becomes moot after argument and submission. *Id.* The second occurs if a case presents an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies. *Id.*

██ We find that this case falls within the "general public interest" exception to the mootness doctrine. First, the question of who has standing to petition for involuntary electroconvulsive therapy is of general public interest because it concerns Missouri healthcare providers' ability to treat patients with out-of-state guardians. Considering the proximity of larger cities like St. Louis and Kansas City to adjoining states, this issue likely affects several patients living in bi-state areas seeking treatment in the cities' hospitals every year.

██ Second, we find that this issue will recur as evidenced by the record before this Court. Hospital has requested electroconvulsive therapy for this Patient alone twice in four months. Further, as

this treatment requires multiple sessions, Hospital and other treatment providers in the city of St. Louis will have to comply with Section 630.130 and file petitions in the future for new and existing patients.

██ Finally, we find that this issue will evade appellate review in future cases. As explained in Hospital's petition, this case involves therapy to help treat assaultive thoughts and behavior and intermittent suicidal ideation, which poses a threat to others and oneself. As a result, practically, patients requiring this treatment may be put at risk waiting for appellate review necessitating treatment in another setting, whether at a hospital in the patient's state of residence or elsewhere, as in this case. Accordingly, we will exercise our discretion and review the issues presented in Hospital's appeal. *See McNeil–Terry*, 142 S.W.3d at 832.

In Hospital's first point, it argues the probate court erred in finding that it had no jurisdiction to consider its petition on the ground that Section 630.130 only allows a guardian to petition for electroconvulsive therapy for his or her ward. We agree that the probate court misinterpreted the statute, although for different reasons than those Hospital sets forth in its argument.

██ The construction of a statute is a question of law, not judicial discretion. *Harrison v. King*, 7 S.W.3d 558, 561 (Mo. App. E.D.1999). Thus, it falls within this Court's province of independent review and correction, and consequently, no deference is given to the trial court's determination of the law. *Id.*

Section 630.130 states the following, in relevant part:

1. Every patient, whether voluntary or involuntary, in a public or private mental health facility shall have the

right to refuse electroconvulsive therapy.

2. Before electroconvulsive therapy may be administered voluntarily to a patient, the patient shall be informed, both orally and in writing, of the risks of the therapy and shall give his express written voluntary consent to receiving the therapy.

3. Involuntary electroconvulsive therapy may be administered under a court order after a full evidentiary hearing where the patient refusing such treatment is represented by counsel who shall advocate his or her position. The therapy may be administered on an involuntary basis only if it is shown, by clear and convincing evidence, that the therapy is necessary under the following criteria:

(1) There is a strong likelihood that the therapy will significantly improve or cure the patient's mental disorder for a substantial period of time without causing him any serious functional harm; and

(2) There is no less drastic alternative form of therapy which could lead to substantial improvement in the patient's condition. . . .

4. Parents of minor patients or legal guardians of incompetent patients shall be required to obtain court orders authorizing electroconvulsive therapy under the procedures specified in subsection 3 of this section.

*Id.* "When interpreting a statute, our primary role is to ascertain the intent of the General Assembly from the language used in the statute and, whenever possible, give effect to that intent." *Harrison*, 7 S.W.3d at 561. In determining legislative intent, we consider the words used in the statute in their plain and ordinary meaning. *Id.* If the language of a statute is clear and unambiguous, we will give effect to the language as written and will not resort to statutory construction. *Id.*

Emphasizing subsection 4 of Section 630.130, the probate court concluded that

it is readily apparent the legislature intended that, in the case of those patients for whom [electroconvulsive therapy] was sought who were adjudged incapacitated and had a legal guardian, any [electroconvulsive therapy] treatment will be presumed to be involuntary and, therefore, will not be permitted unless the patient's "legal guardian" obtains a court order allowing same under the strict procedures and criteria set forth in [Section 630.130.3].

The probate court further stated that a legal guardian could seek a court order indirectly through others and does not necessarily need to be among the formally named petitioners. However, the probate court went on to state that "[i]t is clear that only the 'legal guardian' is statutorily authorized to 'obtain' such a court order, even if others are formally named as the petitioners. Under the statute, no other person has the authority to permit such a court proceeding to be brought."

■ We disagree with the probate court's interpretation. Reading the statute in its entirety, the statute is intended to provide patients with the right to refuse electroconvulsive therapy. Section 630.130.1. In the event a patient refuses treatment, but the treatment is otherwise necessary under Section 630.130.3(1) and (2), the statute provides a mechanism for treatment after a full evidentiary hearing. Section 630.130.3. Stated differently, the statute allows a healthcare provider who has a duty of care to act in a patient's best interest, even where the patient has refused treatment, if a patient is in need of the therapy. To ensure that parents or legal guardians act in the best interests of

a minor or incompetent patient, Section 630.130.4 requires parents and legal guardians to obtain a court order, in accordance with Section 630.130.3, before electroconvulsive therapy can be administered to a minor or incompetent patient.

The probate court's interpretation of Section 630.130.4 as containing a requirement that only parents or legal guardians may obtain court orders for electroconvulsive therapy for a minor or incompetent patient is contrary to the statute's purpose. The purpose is to allow those who have a duty to care for minor or incompetent persons, including a treating physician or healthcare provider, to require such persons to receive treatment when treatment is in their best interests. To interpret the statute otherwise would bar a healthcare provider from filing a petition in the event that a parent or legal guardian *refused* treatment for a minor or incompetent patient when the treatment is necessary. In such an instance, the healthcare provider would *not* be acting "indirectly through others" on behalf of the parent or legal guardian. The probate court's reading would allow a parent or legal guardian to have exclusive authority over whether the minor or incapacitated person would receive therapy. We find that the trial court's interpretation of Section 630.130.4 is erroneous. Hospital's first point is granted.

In its second point, Hospital argues the trial court erred in refusing to recognize and give effect to Conservator's Illinois guardianship because Missouri law and the Full Faith and Credit Clause of the United States Constitution require the opposite result. In resolving this point, we refer to our recent decision in *In re Prye*, 169 S.W.3d 116 (Mo.App. E.D.2005). There, we held that Illinois guardianship status is entitled to recognition and enforcement by the Missouri courts under the Full Faith and Credit Clause. *Id.* at 120–22. The probate court erred in ruling to the contrary. Hospital's second point is also granted.

The probate court's judgment is reversed.

REVERSED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., Concur.