**STATE of Missouri ex rel. Larry DREPPARD, Relator,**

v.

**Hon. Phillip JONES, Com., and Hon. John Essner, J., Respondents.**

No. ED 89214.

Missouri Court of Appeals, Eastern District, Writ Division Five.

March 6, 2007.

Phillip E. Jones, Com., Clayton, MO, pro se.

John R. Essner, Clayton, MO, pro se.

Susan M. Hais, St. Louis, for Respondents.

Nathan S. Cohen, St. Louis, MO, for Relator.

Mardi Montello, St. Louis, MO, for Guardian Ad Litem.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Larry Dreppard ("Relator") seeks a writ of mandamus compelling the Honorable Phillip Jones and the Honorable John Essner ("Respondents") to grant his motion to disqualify the guardian ad litem ("GAL") appointed in the underlying matter. We issued a preliminary order. The preliminary is made absolute.

## I. BACKGROUND

On April 20, 2006, Relator filed a motion to modify an order of dissolution of marriage entered in November 2003. On May 18, 2006, the circuit court entered an order "re-appointing" Mardi Montello as GAL of the children for the purposes of the modification hearing.[1] The following day, Relator filed a motion seeking to disqualify the GAL. The motion to disqualify was denied. Upon rehearing, the motion to disqualify was again denied on the basis that "the GAL's appointment was a continuing one." Relator now seeks a writ of mandamus ordering Respondents to grant his motion to disqualify the GAL.

## II. ANALYSIS

■ This Court will issue a writ of mandamus upon finding an abuse of discretion where such discretion has been exercised arbitrarily, capriciously or in bad faith. *State ex rel. Peavey Co. v. Corcoran*, 714 S.W.2d 943 (Mo.App. E.D.1986). The right to disqualify a GAL is provided by statute. Section 452.423.1.[2] Section 452.423.1 provides that "[e]ach party shall be entitled to one disqualification of a

guardian ad litem appointed under this subsection in each proceeding. . . ." An application to disqualify a GAL is considered timely if made within ten days of the GAL's appointment. *Id.* This Court has held the right to disqualify a GAL upon timely motion to be an absolute right under the statute. *Harrison v. King*, 7 S.W.3d 558, 562 (Mo.App. E.D.1999).

■ Respondents' position is that the appointment of the GAL to the modification proceeding was a "continuing appointment," presumably referring to the GAL's appointment in the original dissolution proceeding. Accordingly, one must conclude that Respondents denied the motion to disqualify on the basis that the motion was untimely, i.e., that it should have been filed upon the GAL's initial appointment in the dissolution proceeding. A motion to modify a divorce decree, however, is an independent proceeding. *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323 (1952); *Wilson v. Sullivan*, 967 S.W.2d 225 (Mo.App. E.D.1998). In fact, it appears that by "re-appointing" the GAL following the motion to modify, the court recognized that the modification proceeding was independent from the original dissolution proceeding. Otherwise, no appointment would have been necessary.

The legislature has spoken on a similar issue by providing that, upon a motion to modify, "each party shall be entitled to a change of judge as provided by supreme court rule." Section Section 452.410.2. By so providing, the legislature recognized that the filing of a motion to modify initiates an independent proceeding thereby entitling the parties to seek a change of judge under the same rules that allow for a change of judge in other cases. Similarly, because a modification proceeding is an

---

1. Ms. Montello served as GAL in the dissolution of marriage proceeding.

2. All statutory references are to RSMo 2000.

independent proceeding, we find that each party has an absolute right to disqualify the GAL appointed by the court. *Harrison*, 7 S.W.3d at 562. In this case, Relator's motion to disqualify was made upon the re-appointment of the GAL and within the time provided by statute. We therefore find that the motion to disqualify should have been granted and that Respondents' actions in denying the motion amounted to an arbitrary abuse of discretion.

## III. CONCLUSION

The preliminary order is made absolute and Respondents are ordered to grant the motion to disqualify the GAL.

KENNETH M. ROMINES, J. and GEORGE W. DRAPER, J., concur.