Lamont Stanley HAMILTON, Respondent,

v.

Cherlyn Jean HAMILTON, Appellant.

No. WD 69689.

Missouri Court of Appeals, Western District.

March 10, 2009.

James Oliver Swaney Jr., Independence, MO, for appellant.

Caroline Gnefkow, Independence, MO, for respondent.

Before: HARDWICK, P.J., HOWARD and AHUJA, JJ.

LISA WHITE HARDWICK, Judge.

Cherylyn Hamilton ("Wife") appeals the circuit court's order quashing her writ of garnishment against Lamont Hamilton ("Husband") for spousal maintenance. We dismiss the appeal because the order is not designated as a final judgment and, thus, we lack authority to review it under Rule 74.01(a).

The parties' marriage was dissolved by judgment entry in October 2000. The dissolution judgment ordered Wife to pay child support of $597 per month to Husband for the parties' five children. The judgment also ordered Husband to pay modifiable maintenance to Wife in the amount of $597 per month. In light of the offsetting amounts ordered, the parties informally agreed not to make payments to one another.

Wife began making the child support payments in 2003, after being notified by Child Support Services that she was in arrears. Wife was required to pay all of the child support due since the date indicated in the dissolution judgment, without receiving any credit for maintenance due from Husband.

In February 2008, Wife filed a request for writ of garnishment, seeking to recover the maintenance due under the dissolution judgment from 2000 to the present. Husband moved to quash the writ, contending that maintenance was only due for four years pursuant to a Property Settlement Agreement that was attached to the dissolution judgment.

The circuit court entered an order quashing the writ, based on its finding that the terms of the Property Settlement Agreement were incorporated into the judgment and, therefore, maintenance was limited to four years. Wife filed a motion to reconsider or, in the alternative, to amend the order by designating it as a decree or judgment for purposes of appeal. The court denied the motion without explanation.

Wife now seeks to appeal the order quashing the writ. Before we can consider her two points on appeal, we must determine our authority for appellate review in light of the fact that the order does not appear to be a final judgment. Wife has candidly acknowledged this problem, but she argues this case is unique in that the circuit court abused its discretion by unreasonably refusing to amend the order as a decree or judgment for purposes of appeal.

732

■ Section 512.020(5)[1] permits an appeal from a "[f]inal judgment in the case or from any special order after final judgment[.]" An order quashing a writ of garnishment is a special order that is appealable under this provision. *In re Marriage of Osborne*, 895 S.W.2d 285, 286 (Mo.App. 1995). However, to perfect an appeal from a special order, the order must be denominated as a "judgment or decree" as required by Rule 74.01(a).[2] *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003); *Spiece v. Garland*, 197 S.W.3d 594, 595–96 (Mo. banc 2006). The order in this case is not so designated. Accordingly, it lacks finality, and the case is not ripe for appellate review.

■ Without a perfected final judgment, we cannot consider whether the circuit court unreasonably refused to amend the order for purposes of making it appealable. A writ of mandamus is an appropriate remedy for an abuse of discretion, where such discretion is exercised arbitrarily, capriciously, or in bad faith, and there is no other avenue of relief. *State ex rel. Dreppard v. Jones*, 215 S.W.3d 751, 752 (Mo. App.2007); *State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc.*, 966 S.W.2d 399, 402 (Mo.App.1998); *Spiece*, 197 S.W.3d at 596. That option remains available upon dismissal of this appeal.

The appeal is dismissed.

All concur.

---

1. All statutory citations are to the Revised Statutes of Missouri (Cum.Supp.2008) unless otherwise noted.

2. All rule citations are to Missouri Rules of Civil Procedure (2008) unless otherwise noted.