**Lamont Stanley HAMILTON, Appellant,**

v.

**Cherlyn Jean HAMILTON, Respondent.**

No. WD 71786.

Missouri Court of Appeals,
Western District.

March 15, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2011.

Application for Transfer Denied
June 28, 2011.

Lamont Stanley Hamilton, Sr., pro se.

James Oliver Swaney, Jr., Independence, MO, for respondent.

Before Division One: THOMAS H. NEWTON, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

**PER CURIAM:**

Lamont Hamilton appeals the circuit court's May 11, 2009 judgment vacating the court's April 16, 2008 order, which granted Lamont's motion to quash Cherlyn Hamilton's writ of garnishment. He contends the trial court erred in denying his motion to quash the garnishment. The respondent's motion to dismiss is granted, because no justiciable issue is presented in this appeal.

### Statement of Facts

On October 5, 2000, the Circuit Court of Jackson County entered a judgment dissolving the marriage of appellant Lamont Stanley Hamilton ("Lamont") and respondent Cherlyn Jean Hamilton ("Cherlyn"). As part of the dissolution, Cherlyn was to pay $597.00 per month in child support and Lamont was to pay $597.00 per month for maintenance. The property settlement agreement provided that Lamont needed to pay maintenance for only four years, after which his maintenance obligations to Cherlyn would end. The parties informally agreed to offset the child support and maintenance payments, as the amounts owed were the same. Thus, neither party paid anything to the other.

In 2003, the Jackson County Child Support Division informed Cherlyn she had to pay child support regardless of what Lamont's obligations were. In addition, Cherlyn was informed she was in arrears and had to pay all of the child support due since the time of the dissolution decree. Apparently, Cherlyn began to pay child support through the Child Support Division. Subsequently, Cherlyn asked Lamont to pay maintenance. He did not agree to pay.

On June 9, 2003, Cherlyn filed a request for writ of garnishment. Lamont moved to quash the writ of garnishment on September 22, 2003, which Cherlyn did not

oppose. In December 2003, the circuit court granted the motion to quash, apparently on the basis of a change in circumstance since Lamont had become homeless and was on public assistance.

In February 2008, Cherlyn filed another request for writ of garnishment, seeking all maintenance due from 2000 to the present. Lamont was employed at a Home Depot store at the time. Lamont objected to the garnishment and filed a motion to quash, asserting that Cherlyn was not entitled to all the money she was claiming in the garnishment because he was entitled to a four-year offset.

On April 16, 2008, the circuit court quashed the writ of garnishment because the amount stated in the garnishment as the judgment amount was excessive. Subsequently, the court denied Cherlyn's Motion to Reconsider and Amend the April 16, 2008 Order. Cherlyn sought to appeal the order quashing the writ under section 512.020(5).[1] In *Hamilton v. Hamilton*, 278 S.W.3d 730, 732 (Mo.App.2009), this court dismissed the appeal as not perfected for appeal because the ruling was not designated a judgment.

After the dismissal of the appeal, the parties met back in the circuit court and *agreed* to vacate the April 2008 order quashing the garnishment. The parties may not be in agreement about *why* they agreed to vacate the April 2008 order, but they did agree to vacate the order. Lamont seems to think it had something to do with the fact that Cherlyn erred in "submitting the interrogatories to Home

Depot U.S.A. to a local store and not the corporate home office in Atlanta." He does not explain why that caused him to agree to vacate the order quashing the garnishment and to allow the garnishment to proceed.[2] The garnishment was then executed on funds in the hands of Home Depot, with Cherlyn collecting $267.41. Although that ended that chapter of the proceedings concerning *that* garnishment, Lamont *seems* to want to revisit the garnishment that is now history.

In the latest chapter of the litigation, Cherlyn requested another writ of garnishment; this garnishment was issued in July 2009. Lamont, not willing to concede, moved to quash this garnishment on August 14, 2009. Cherlyn responded to his motion to quash with a motion for summary judgment, contending that no dispute of material fact existed and that she was entitled to the garnishment as a matter of law. Lamont filed a response but did not comply with the format of Rule 74.04,[3] in that he failed to admit or deny factual assertions in Cherlyn's statement of uncontroverted material facts. On October 22, 2009, the court noted the deficiencies of Lamont's response and ordered Lamont to file an appropriate response within fourteen days. On November 24, 2009, one month after the court's order and two weeks after the response time expired, the circuit court dismissed Lamont's motion to quash. That same day, Lamont submitted a lengthy response to the motion for summary judgment. The court apparently did not see Lamont's response before entering the dismissal, nor

---

1. Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2010 Cumulative Supplement.

2. We would have thought vacating the quashing order had something to do with whether the purported amount due on the judgment was accurate. (Cherlyn presented authority to the trial court to the effect that a dispute

about the ultimate amount collectible under the dissolution judgment does not necessarily invalidate the garnishment.)

3. All rule references are to Missouri Rules of Civil Procedure 2009, unless otherwise indicated.

was the court obligated to review his response at that point.

In his notice of appeal, Lamont purported to appeal the April 16, 2008 order quashing the garnishment. That ruling was actually in his favor. Moreover, the order in question was never perfected as a judgment, and Cherlyn's appeal of the order was already dismissed by this court. We suspect that Lamont really wishes to appeal the denial of his motion to quash the later garnishment. The circuit court's "Order and Judgment" denying that motion was entered November 24, 2009. Lamont filed his notice of appeal on December 2, 2009, which would have been timely if he had been appealing the November 24, 2009 ruling. However, he did not refer to the November 24 ruling in either his notice of appeal or his point relied on.

## Discussion

■ Lamont sets forth one point relied on:

.The trial court erred in judgment vacating court's order dated April 16, 2008, and denying petitioner's motion to quash garnishment because the trial court's judgment was not supported by Rule 90.07(b)(c) interrogatories to garnishee answers to interrogatories exceptions response was submitted in error to Home Depot Inc., that respondent's renewed exections [sic] to answers of garnishee Home Depot U.S.A., Inc., to respondent's garnishment interrogatories and motion to order garnishee to answer interrogories [sic] properly, with suggestions in support therof [sic] failed to support the filing error caused by the

respondent's submitting the interrogatories to Home Depot U.S.A., Inc to a local store in Independence Missouri and not to the corporate home office in Atlanta which caused a delay in the response to the interrogaries [sic] which was the main basis of vacating and denying petitioner's motion to quash garnishment.

In seeking to parse the language of his point relied on, and in giving broad intendment to the point, we note that Lamont seems to claim the court erred in its order of May 11, 2009, in vacating the April 16, 2008 order quashing the garnishment, thereby allowing the garnishment to proceed. While an appeal of the May 11, 2009 order could have been timely perfected under section 512.020 and Rule 81.04, no appeal was taken. The judgment became final on June 11, 2009, as no authorized post-trial motions were filed. *See* Rule 81.05(a)(1). To file a timely appeal, Lamont's notice of appeal would have been due on or before June 22, 2009.[4] *See* Rule 81.04(a). Notice was not filed until December 2, 2009.[5] The May 11, 2009 garnishment (that was allowed to proceed) is now finalized, and the order is no longer subject to challenge and further adjudication. Moreover, as we have noted, the record clearly shows that Lamont *agreed* to the court order of May 11, 2009, vacating the order quashing the earlier garnishment. Another garnishment has issued since that time.

As noted, *supra,* Lamont purported to appeal the April 16, 2008 order quashing the garnishment. That April 16, 2008 ruling was actually in his favor. Thus, he was not aggrieved by that ruling. More-

---

4. Ten days after the judgment became final on June 11, 2009, was a Sunday, which means the notice of appeal would have been due the next day which is neither a Saturday, Sunday, or legal holiday, June 22, 2009. *See* Rule 44.01(a).

5. The record does not indicate that Lamont attempted to file a late notice of appeal under Rule 81.07(a).

over, the order granting Lamont's motion to quash and not allowing the garnishment to proceed was never perfected as a judgment pursuant to Rule 74.01 and may not properly be appealed anyway.

Cherlyn has moved to dismiss the appeal, citing numerous irregularities and rule violations. Her observations of the deficiencies are essentially accurate; we need not detail them here. Further, it is obvious that the "point relied on" prepared by Lamont has little coherent relation to the procedural history of this case. Nor does it set forth grounds for reversing the court's ruling. In addition, the argument portion of Lamont's brief is no more intelligible than his point relied on.

■ Cherlyn further asserts that this court has no authority to adjudicate any matter that might be appealable, namely the November 24, 2009 "Order and Judgment." She accurately points out that Lamont abandoned any attempt to appeal from the November 24, 2009 judgment by failing to mention that judgment in his jurisdictional statement, point relied on, or argument. If a party fails to substantially comply with Rule 84.04, which requires the appellant to "identify the trial court ruling or action that the appellant challenges," then the argument is not preserved for appeal. *See* Rule 84.04(d)(1)(A); *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338–40 (Mo. banc 1998) (finding review of appellant's points relied on limited to plain error because each point failed to state what action the trial court took that supported appellant's purported ruling); *Engeman v. Engeman*, 123 S.W.3d 227, 236 (Mo.App.2003) (denying appellant's second point on appeal as not properly preserved because the point on appeal and argument were completely different and discerning which issues appellant intended to argue on appeal places the court into the role of advocate and not adjudicator). Here, Lamont failed to mention the November 24, 2009 judgment in the point relied on and has thus failed to present any issue with regard to that judgment on appeal.

We discern no justiciable issue. Lamont presumably has worked hard on his *pro se* appeal, but his lack of legal skill leaves us with nothing to act on. It is not our proper role to become his advocate, and in any event we cannot see that he has any legitimate grievance. Mere formal persistence in the pursuit of litigation cannot provide a justiciable controversy where none exists.

We cannot affirm or reverse any judgment of the trial court. Respondent's motion to dismiss should be granted and the purported appeal must be dismissed.

### Conclusion

Based on the foregoing, the respondent's motion to dismiss the appeal is granted. The appeal is dismissed.