

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| D.R.F. III, | ) | No. ED109371 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | |
| | ) | Honorable Timothy S. Miller |
| D.L.S., | ) | |
| | ) | |
| Appellant. | ) | Filed: February 15, 2022 |

## Introduction

D.L.S. ("Appellant") appeals the trial court's entry of a full order of protection to D.R.F. III ("Respondent") following a hearing. Appellant raises three points on appeal. In Point I, Appellant argues the trial court erred by entering the order of protection because Appellant and Respondent are not family or members of the same household. In Point II, Appellant argues the order of protection was unlawful because Respondent failed to prove each statutory element of stalking. In Point III, Appellant argues the trial court erred by taking judicial notice of other cases involving the parties.

We dismiss for mootness.

## Factual and Procedural Background

The underlying conflict and subsequent order of protection stems from the parties' relationships with R.C. ("Mother"). Respondent and Mother have an eight-year-old child and

shared physical custody equally. Appellant is Mother's fiancé. On August 25, 2020, Respondent filed a petition for an order of protection against Appellant. The petition alleged Appellant repeatedly harassed, threatened, and attempted to harm Respondent during custody exchanges of the child between Respondent and Mother. The trial court heard argument on Respondent's petition on December 18, 2020. Appellant and Respondent testified at the hearing.

Respondent testified his interactions with Appellant began during custody exchanges between Respondent and Mother over a three-year period. He testified Appellant was often present during the custody exchanges and threatened to beat or kill Respondent in front of his child and police officers on at least five occasions. Respondent further testified Appellant confronted him in public an additional thirty to forty times in the same period.

Appellant denied Respondent's allegations and accused Respondent of trespassing on his property and threatening Mother. Respondent denied Appellant's claims.

The trial court took judicial notice of several other domestic and child custody cases involving the parties and stated the other cases "may shed light on the veracity of the witnesses here." The court then awarded Respondent a full order of protection.

Following the hearing, the court concluded Appellant's conduct constituted stalking under the Missouri Adult Abuse Act, RSMo § 455.010.[1] The court granted Respondent a one-year full order of protection. The court did not find it was in the best interests of the parties to automatically renew its order. The court directed its judgment "shall be effective until December 17, 2021." This appeal follows.

## Standard of Review

The standard of review of an order of protection is the same as in any other court-tried case; we will uphold the judgment if it is supported by substantial evidence, not against the

---

[1] All statutory references are to RSMo (2020), unless otherwise indicated.

weight of the evidence, and does not erroneously declare or apply the law. *M.N.M. v. S.R.B.*, 499 S.W.3d 383, 384 (Mo. App. E.D. 2016). We "defer to the circuit court's credibility determinations and consider the evidence in the light most favorable to the circuit court's judgment." *H.E.S. v. T.J.B.*, 628 S.W.3d 234, 236-37 (Mo. App. E.D. 2021).

"Because mootness implicates the justiciability of a controversy and is a threshold issue to appellate review, this Court must consider, either on a party's motion or acting *sua sponte*, whether an appeal is moot." *D.C.M. v. Pemiscot Cty. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019) (internal alterations omitted).

**Discussion**

We note Appellant's brief was filed *pro se* and contains numerous violations of Rule 84.04.[2] "*Pro se* appellants are held to the same standards as licensed attorneys. The briefs of *pro se* appellants, as with all appellants, must comply with the rules of appellate procedure, including Rule 84.04 . . . . [F]ailure to comply with this Rule constitutes grounds for dismissal." *Hankins v. Reliance Automotive, Inc.*, 312 S.W.3d 491, 493-94 (Mo. App. E.D. 2010). "The function of an appellate court is not to serve as an advocate for the parties on appeal, and this Court must carefully safeguard its role as a neutral adjudicator." *Carmen v. Olson*, 611 S.W.3d 368, 372 (Mo. App. E.D. 2020). Because we dismiss for mootness, we need not decide whether to exercise our discretion and consider Appellant's arguments *ex gratia*.

The protective order expired on December 17, 2021. Nothing in the record indicates the order was extended. We must therefore assume the issue is moot.[3] *Jenkins v. McLeod*, 231

---

[2] Appellant's brief violates Rule 84.04(a)(1) because it lacks a detailed table of contents with page references; Rule 84.04(c) because it lacks a fair and concise statement of facts; Rule 84.04(d) because the Points Relied On fail to follow the format provided by the Rule; and Rule 84.04(e) because Appellant failed to provide a preservation statement and standard of review statement. All Rule citations are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

[3] Respondent did not file a brief so mootness was not raised on appeal. We therefore consider mootness *sua sponte*. *See D.C.M.*, 578 S.W.3d at 780.

3

S.W.3d 831, 832 (Mo. App. E.D. 2007). Our Court does not decide moot issues, subject to two exceptions: (1) if the case becomes moot after argument and submission or (2) the issue is of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *Id*. (citing *In re Dunn*, 181 S.W.3d 601, 604 (Mo. App. E.D. 2006)). The public interest exception is "very narrow . . . and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, this exception does not apply." *Id*. (citing *Kinksky v. Steiger*, 109 S.W.3d 194, 196 (Mo. App. E.D. 2003)). "Lapsed protective orders . . . are not of adequate public interest to require appellate review." *Id*. (citing *Reay v. Philips*, 169 S.W.3d 896, 897 (Mo. App. E.D. 2005)).

Because the order of protection has expired and neither exception permitting review of a moot issue applies, we decline to address Appellant's arguments.

## Conclusion

We decline to exercise our discretion to hear this appeal because (1) it became moot before argument and submission and (2) does not fall within the public interest exception to the mootness doctrine. The appeal is dismissed.

_____
Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

4