**Mary Sue OLSON, Respondent,**

v.

**Timothy Jon OLSON, Appellant.**

**No. WD 60824.**

Missouri Court of Appeals, Western District.

Dec. 10, 2002.

Kathy Kranitz Sadoun, St. Joseph, MO, for appellant.

Bruce Dean Enlow, St. Joseph, MO, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR. and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

Timothy Jon Olson appeals the trial court's order modifying a dissolution judgment to allow Mary Sue Olson to relocate to Columbia, Missouri.

### *Factual Background*

The Circuit Court of Buchanan County, Missouri, dissolved the marriage of Timothy Olson ("Father") and Mary Olson ("Mother") in August 2000. Father and Mother have one child. The Judgment for Dissolution of Marriage contained a joint parenting plan. Mother was the primary physical custodian, but Father was granted a generous visitation schedule, including custody of the child for the vast majority of weekends and most of the summer.

At the time of dissolution, Father resided in St. Joseph, Missouri, and Mother resided in nearby Gower, Missouri. In May 2001, Mother learned that her employment contract to teach in the Lathrop School District would not be renewed. She first sought employment with school districts close to her home in Gower, but

was not successful. In August 2001, Mother accepted employment with the Columbia, Missouri school district, which is located approximately 180 miles from Father's residence.

On August 10, 2001, Mother notified Father of her intent to relocate with their child in writing pursuant to RSMo § 452.377. Father filed a timely Objection to Notice of Relocation and Motion to Modify on August 17, 2001. Mother subsequently filed a Motion to Relocate on August 30, 2001.

A trial on the merits concerning whether Mother could relocate the child to Columbia, Missouri was held. On October 30, 2001, the court entered a judgment authorizing the relocation, and modifying the custody arrangement and visitation schedule. Father's visitation time with his child was greatly reduced. Father now appeals that judgment.

### Mootness

Father raises five points on appeal. His first two points challenge the trial court's determination that Mother's relocation was in the best interests of the child and the court's grant of Mother's motion to relocate with the child. After this appeal was filed, Mother relocated from Columbia back to the St. Joseph area. At oral argument, the parties revealed that Mother had moved back to her former home, but urged us to decide the case anyway because it involved significant issues related to relocation. We have no jurisdiction to issue advisory opinions on matters of law that are not part of a live case or controversy. Therefore, we decline the invitation to do so.

"A question is moot when it seeks a judgment upon some matter that would lack any practical effect on any then existing controversy." *In re C.A.D.*, 995 S.W.2d 21, 28 (Mo.App.1999). Issues that are moot are not subject to consideration by this court. *Bratton v. Mitchell*, 979 S.W.2d 232, 236 (Mo.App.1998). This rule applies to cases in which child visitation is at issue. *Harris v. Parman*, 54 S.W.3d 679, 688 (Mo.App.2001). Any determination by this court as to whether or not the trial court erred in allowing Mother to relocate will have no effect, since the Mother's relocation is no longer an issue.

Father's next three points on appeal concern the trial court's change in Father's visitation schedule. The change was ordered to accommodate the changed circumstances of the parents and child due to relocation. The altered visitation schedule was based entirely on the fact that Mother would be living more than 125 miles away from Father. We must assume that the trial court would view the new visitation schedule as no longer appropriate. When part of a judgment is dependent upon another part of the judgment which has been rendered inapplicable by circumstances, the dependent part should be vacated to avoid a nonsensical or inappropriate result. We need not resolve Father's arguments about visitation because the visitation schedule should also be vacated.

### Conclusion

Those portions of the judgment of the trial court dealing with relocation and visitation are vacated on the ground that the issues have become moot as a result of a change in circumstances since the trial court judgment was entered. Each party shall bear its own costs on appeal.

LOWENSTEIN and NEWTON, JJ., concur.