Sarah MacDOUGAL, Respondent,

v.

John MacDOUGAL, Appellant.

No. ED 89039.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 2008.

Jeanne Meyer, Leigh Joy Carson, Kirkwood, MO, for Respondent.

Diane M. Monahan, St. Louis, MO, for Appellant.

## OPINION

GLENN A. NORTON, Judge.

John MacDougal ("Father") appeals the judgment of the trial court modifying the judgment dissolving his marriage to Sarah

---

1. We grant the builder's motion for attorney's fees on appeal, in the amount of $15,307.50.

MacDougal ("Mother"). We affirm as modified.

## I. BACKGROUND

Father and Mother divorced in 1999. The original decree required that each party pay fifty percent of educational costs, including tuition, for their two daughters, Moira (born in 1992) and Olivia (born in 1996). Following the parties' dissolution, Moira and Olivia both began attending St. Margaret of Scotland Catholic School.

Father and Mother both filed motions to modify. Among other requests, Father asked that the court change the legal and physical custody arrangements from joint to sole custody in his favor. Mother filed a motion to modify child support, asking that Father contribute to the cost of the children's parochial school since he failed to pay his share of tuition in the 2005–06 school year. Both parties also filed motions for contempt based on Father's failure to pay for the children's school and Mother's decision to enroll the children in parochial school.

In its judgment, the trial court determined that it had jurisdiction to adjust the parties' legal custody arrangement. The court ordered that, if the parties were unable to agree on schooling, the girls would attend St. Margaret of Scotland Catholic School until each completed eighth grade. Upon graduation from eighth grade, if Father and Mother were unable to agree, the girls were to attend Clayton High School, if possible, and if not, Nerinx Hall High School. This appeal follows.

## II. DISCUSSION

Among other arguments, Father contends in his first point on appeal that the trial court erred in ordering that the children attend Nerinx Hall if they did not attend Clayton High School because there was no evidence indicating that Nerinx Hall would meet the particular educational needs of either child. *See Seyler v. Seyler,* 201 S.W.3d 57, 64 (Mo.App. E.D. 2006) (stating that the test for determining when an order requiring private or parochial schooling over the wishes of one parent is proper is whether the schooling will meet the particular educational needs of the child). Prior to oral argument before this Court, Mother filed a motion to vacate the portion of the judgment ordering the children to attend Nerinx Hall since she had already moved to the Clayton school district and Moira was enrolled in and attending Clayton High School.

Considering that Father's position on appeal comports with Mother's request to vacate that portion of the judgment, we grant Mother's motion. We therefore need not determine the merits of Father's argument on appeal as the issue is now moot. *See Olson v. Olson,* 91 S.W.3d 164, 166 (Mo.App. W.D. 2002) (stating that a question is moot when it seeks a judgment upon some matter that would lack any practical effect on any then existing controversy and that moot issues are not subject to consideration by the appellate court). The judgment is otherwise affirmed.

## III. CONCLUSION

Mother's motion to vacate the portion of the judgment ordering the children to attend Nerinx High School in the event that they are unable to attend Clayton High School and the parties cannot otherwise agree on schooling is granted. The judgment is affirmed as modified.

ROY L. RICHTER, P.J., and CLIFFORD H. AHRENS, J., concur.