Timothy P. **ASHER**, Respondent,

**Greg Shufeldt and Steve Israelite, Respondents,**

v.

Robin **CARNAHAN**, et al., Appellants.

**No. WD 69256.**

Missouri Court of Appeals,
Western District.

Aug. 5, 2008.

Heidi Doerhoff Vollet, John K. McManus, Jefferson City, MO, for Appellant.

David G. Wasinger, James S. Cole, Jr., St. Louis, MO, for Respondent.

David Roland, St. Louis, for amicus curiae Pacific Legal Foundation.

Anthony Edward Rothert, Arlene Zarembka, St. Louis, for amici curiae ACLU of Eastern Missouri, ACLU of Kansas and Western Missouri, ACLU Women's Rights Project, ACLU Racial Justice Program.

Before HAROLD L. LOWENSTEIN, P.J., PAUL C. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Robin Carnahan, Missouri's Secretary of State (Secretary), appeals from a judgment of the Cole County Circuit Court, which found that the Secretary's summary portion of an official ballot title for an initiative petition was insufficient or unfair under section 116.190 [1] and certified revised ballot language. During the pendency of this appeal, the signature submission deadline for inclusion on the November 2008 ballot passed without the proponents of the initiative submitting any signatures to the Secretary. Consequently, the initiative will not be on the November 2008 ballot. The issue is, therefore, moot. We dismiss the appeal and remand the case to the Cole County Circuit Court with instructions to vacate the portion of the judgment appealed by the Secretary.

## Facts and Background

On June 15, 2007, Timothy Asher submitted an initiative petition sample sheet to the Secretary in an attempt to amend Missouri's Constitution under the initiative process described in article III, section 50 of the Missouri Constitution. The proposed amendment was to read, in part,

"[t]he state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting." The Secretary certified a summary ballot statement for Asher's initiative petition on October 10, 2007. Asher filed suit against the Secretary on July 26, 2007, challenging the Secretary's summary statement. He alleged that portions of her summary statement were "insufficient or unfair." [2] On January 10, 2008, the Cole County Circuit Court issued a final order and judgment indicating that the Secretary's summary was insufficient or unfair and rewrote the entire summary. [3]

The Secretary then appealed the circuit court's judgment. While the appeal was being briefed, the signature submission deadline passed without the proponents of the initiative submitting any signatures. The Secretary then filed a motion requesting that we dismiss the appeal as moot and vacate a portion of the trial court's judgment. Asher opposed the motion and submitted an affidavit, which indicated that he intended to place an identical initiative petition "on an upcoming ballot."

## The Secretary's Motion to Dismiss and Vacate

The current case is moot, and we, therefore, need not reach the merits of the appeal. Because Asher's proposed initiative will not be on the November 2008 ballot under any circumstances, there is no live controversy for this court to resolve. " 'A cause of action is moot when the ques-

---

1. Unless indicated otherwise, all citation to statutes refers to RSMo 2000 and all citation to rules refers to Missouri Supreme Court Rules (2008).

2. Two other Missourians filed a second lawsuit challenging the official ballot title and the fiscal note prepared by the State Auditor. That case was consolidated with Asher's.

3. The circuit court affirmed the official ballot title and the fiscal note.

tion presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.'" *River Fleets, Inc. v. Creech,* 36 S.W.3d 809, 813 (Mo.App. W.D.2001) (citation omitted). "Missouri Courts do not determine moot causes of action." *Id.* The Missouri Constitution requires that signatures be submitted to the Secretary six months prior to the election. MO. CONST. art. III, § 50.[4] Any decision concerning the circuit court's application of the "insufficient or unfair" standard would have no real effect on this controversy because neither the Secretary's ballot language, nor the circuit court's, nor this court's preferred language would appear on the November 2008 ballot.[5]

Asher argues that our recent decision in *Cures Without Cloning v. Pund,* 259 S.W.3d 76 (Mo.App.W.D.2008), where we implicitly held that a similar controversy over initiative ballot language was not moot, should guide our decision here. In that case, we heard a similar appeal in which the Secretary challenged the Cole County Circuit Court's revision of her ballot summary language. *Id.* at 76–79. There, our mandate was issued several days prior to the filing deadline. The case was not moot, because the proponents of the initiative still had a theoretical chance of obtaining and submitting the required signatures prior to the deadline. No such

possibility exists here. *Compare Consol. Sch. Dist. No. 2 v. King,* 786 S.W.2d 217, 219 (Mo.App. W.D.1990) (where a student was suspended from a public school, sought judicial review, and attended a private school; holding that a cause was not moot because there was a possibility that the student would return to the public school), *and Shaw v. Park Hill R–V Sch. Dist.,* 630 S.W.2d 610, 611 (Mo.App. W.D. 1982) (where student was suspended from a high school, sought judicial review, and later graduated from another school; appeal was dismissed as moot because there was no possibility that the suspension be imposed). While in *Cures Without Cloning* there was a slim possibility that the initiative would be on the November 2008 ballot, here there is no possibility that the initiative will be on the November 2008 ballot. The operative facts of the current case and those presented in *Cures Without Cloning* are distinguishable.

■ Asher further comments that the case is not moot because this court's ruling may affect a possible award of costs. "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." § 514.060. Here, neither has the circuit court awarded costs nor has either party appealed the absence of such an award. If we provided such a broad

---

4. MO. CONST. art. III, § 50 states:
 Initiative petitions proposing amendments to the constitution shall be signed by eight percent of the legal voters in each of two-thirds of the congressional districts in the state.... Every such petition shall be filed with the secretary of state not less than six months before the election and shall contain an enacting clause and the full text of the measure.

5. Moreover, Asher's affidavit, which indicates that he intends to place an identical initiative on some ballot in the future, does not affect

our analysis. Even if Asher does attempt to submit identical language for the voter's approval in the future, it is likely that the this court would never review an identical circuit court ruling because the Secretary may use different summary language; and if the circuit court did not certify it, the circuit court could certify summary language different from that used in the current case. Naturally, a different circuit court judge and a different Secretary of State are likely to certify different ballot summary language.

effect to section 514.060, few, if any, civil appeals would ever be moot because there would always be the possibility that one party would bear the burden of the other's costs. Such a result is clearly not exhibited by the case law.

 Asher also argues that even if the current case is moot, it is due to the Secretary's own errors and "unlawful acts," and she ought not be rewarded for her own "unlawful" conduct. In making this argument, Asher cites no authority for the proposition that he should not be forced to relitigate these issues anew due to the Secretary's "unlawful acts." However, even assuming that Missouri adopted the rule of law proposed by Asher, that this court would reach the merits of a moot cause of action if the issue was mooted by the "unlawful acts" of the opposing party, the record still would not provide grounds for relief. The record reveals that the Secretary exercised her judgment in good faith and complied with all statutory deadlines. Asher moved for a change of judge, causing a delay of roughly a month and a half and failed to comply with discovery obligations. Asher also requested and received a thirty-day extension for the filing of his responsive brief. Additionally, Asher did not request that this court expedite the appeal. These actions, as much as anything that the Secretary did, slowed the progress of the case. Therefore, the facts do not support Asher's theory.

 Furthermore, Asher contends that even if the case is moot, the current case falls into the narrow "capable of repe-tition yet evading review" exception to the mootness doctrine. *See Gramex Corp. v. Von Romer*, 603 S.W.2d 521, 523 (Mo. banc 1980); *In re Dunn*, 181 S.W.3d 601, 604 (Mo.App. E.D.2006). This exception is applicable when "a case presents an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies." *Dunn*, 181 S.W.3d at 604.[6] Here, the issues in question, whether the particular ballot summary in question was "inadequate or unfair" and whether the circuit court exceeded its authority in rewriting that particular language in this particular way, will likely never be presented again. If charged with the task of preparing the summary statement for a ballot initiative, ten different writers would produce ten different versions. "[W]hether the summary statement prepared by the Secretary of State is the best language for describing the [initiative] is not the test. The important test is whether the language fairly and impartially summarizes the purposes of the [initiative]." *Missourians Against Human Cloning v. Carnahan*, 190 S.W.3d 451, 457 (Mo.App. W.D.2006) (internal quotation marks and citation omitted). It is clear that there is a wide range of acceptable ballot summaries for any particular proposed amendment to the constitution. Following from this proposition, we can safely conclude that it is far from certain that a future Secretary will recertify the same ballot summary language and even less certain that the circuit court will rewrite the language in the same manner.[7]

---

6. *See also Thruston v. Jefferson City Sch. Dist.*, 95 S.W.3d 131, 135 (Mo.App. W.D.2003):
[A]n appellate court may still reach the merits of the claim if the mooted claim is capable of repetition, yet will continue to evade review due to the mootness doctrine.... To be eligible, however, the case must present a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary jurisdiction. (internal quotation omitted).

7. Because we do not know when the initiative process will begin again, it is possible that a new Secretary of State will be in office and that the hypothetical ballot challenge will be assigned to a different circuit court judge.

Because there are many appropriate and adequate ways of writing the summary ballot language, it is extraordinarily unlikely that the instant controversy will recur.[8]

Finally, the Secretary requests that we order the circuit court to vacate a portion of the circuit court's judgment. "[T]he normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 243 (Mo. App. W.D.1998). " 'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.' " *Id.* at 242 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). *See also Joplin Waterworks Co. v. Jasper County*, 327 Mo. 964, 978, 38 S.W.2d 1068 (Mo.1931) ("[I]n the absence of an actual controversy, an appellate court ordinarily will dismiss the appeal or writ of error, or will remand the moot cause with directions to the trial court to vacate the judgment and dismiss the cause."); *Precision Invs., L.L.C. v. Cornerstone Propane, L.P.*, 231 S.W.3d 286, 287 (Mo.App. S.D.2007) (following *Chastain*, 968 S.W.2d 232). Here, the Secretary filed a motion requesting that we vacate the portion of the judgment pertaining to the summary ballot language. We see no compelling reason to deviate from this default rule. Moreover, because the Secretary only appealed a portion of the judgment and order, the circuit court must only vacate that same portion. The case law permits a court to order the vacation of less than an entire judgment. *See MacDougal v. MacDougal*, 249 S.W.3d 242, 243 (Mo.App. E.D.2008). Because the Secretary did not appeal every issue in the underlying judgment, we need not order the vacation of the entire judgment.

## Conclusion

We, therefore, dismiss the appeal as moot and remand with instructions to the circuit court to vacate the portions of its judgment pertaining to summary statement of the official ballot title.

All concur.

These new actors will likely exercise their expertise and discretion in a manner different than the current actors.

8. We also note that the case law concerning the trial court's ability to rewrite offending summary ballot language has been clarified since the circuit court issued its judgment in the current case. *See Cures Without Cloning v. Pund*, 259 S.W.3d 76, 82 (Mo.App.W.D. 2008). Our ruling in *Cures Without Cloning* makes it even less likely that the same issue will ever be brought before this court.