**Annie BUSCH, Roseann Bentley, and John Schneider, Appellants,**

v.

**Robin CARNAHAN, Secretary of State, Respondent,**

and

**James Harris, Respondent.**

**No. WD 72257.**

Missouri Court of Appeals,
Western District.

Sept. 28, 2010.

George A. Bartlett, for Appellants.

Jeremiah Morgan, for Respondent Carnahan.

Before Special Division: LISA WHITE HARDWICK, Chief Judge, JOSEPH M. ELLIS, Judge and CYNTHIA L. MARTIN, Judge.

JOSEPH M. ELLIS, J.

On October 2, 2009, James Harris submitted an initiative petition to the Missouri Secretary of State that, if enacted, would amend the Missouri Constitution by repealing the nonpartisan court plan and require that all judges be elected in partisan elections. The Secretary of State denominated that petition as Initiative Petition 2010–071. After receiving the initiative petition, the Secretary of State sent a copy of it to the Attorney General to review the sufficiency of the petition. On October 8, 2009, the Attorney General issued Opinion Letter No. 222–2009 opining that the petition should be approved as to form. Subsequently, on October 19, 2009, the Secretary of State officially approved the petition as to form.

The Secretary of State then prepared a summary statement for the initiative petition, and the State Auditor prepared a fiscal note and a fiscal note summary. On November 12, 2009, the Secretary of State issued the Certification of Official Ballot Title for the Initiative Petition.

On November 20, 2009, Appellants Annie Busch, Roseann Bentley, and John Schneider filed a petition in the Circuit Court of Cole County challenging the Secretary of State's approval of the initiative petition. The petition was in three counts. Count I generally alleged that the proposed initiative petition did not comply

with the requirements of Sections 116.050,[1] 116.180, and 116.010(4), and Sections 50 and 28 of Article III of the Missouri Constitution, and therefore the Secretary of State should have rejected the initiative petition as part of her review of the petition pursuant to Section 116.332 and 116.334, and no summary statement or official ballot title should have been formulated as a consequence. Count II asserted that if the Secretary of State was not under a duty to reject the initiative petition, as alleged in Count I, then the circuit court had jurisdiction and should reject the initiative petition. And Count III alleged that if the initiative petition was not rejected under Counts I or II, the court should determine that the Summary Statement for the Proposed Initiative Petition was "insufficient or unfair" under Section 116.190.

Harris sought leave to intervene in the action, was granted permission to do so, and filed a motion for judgment on the pleadings. After a hearing on Harris's motion, the circuit court issued its judgment concluding that the Secretary of State's summary statement was sufficient and fair and that none of the other issues raised by Appellants were ripe for adjudication. The court concluded that those issues could not be adjudicated under § 116.200 until after signatures were collected and the Secretary of State certified the petition as sufficient or insufficient.

Appellants bring four points on appeal from that judgment. In their first two points, Appellants claim the trial court erred in determining that their assorted challenges to the form of the initiative petition were not ripe for adjudication. In their third point, Appellants argue that the trial court should have decided their claim that certain provisions in the initiative petition were facially unconstitutional because that issue was likewise ripe for adjudication. In their final point, Appellant's challenge the trial court's conclusion that the summary statement for the initiative petition drafted by the Secretary of State was neither insufficient nor unfair within the meaning of § 116.190. Additionally, in their reply brief, Appellants reasserted a claim, previously raised by motion, that the matters raised on appeal are rendered moot by virtue of preliminary indications regarding the insufficiency of the number of signatures collected to place this initiative petition on the ballot.[2]

■ The appeal was placed on the Court's expedited docket and was argued and submitted on July 22, 2010. Subsequently, on August 3, 2010, the Secretary of State certified the petition as insufficient because not enough valid signatures were obtained to place the initiative petition on the ballot, and no timely suit was filed to challenge that determination pursuant to Section 116.200.

■ As conceded by all parties hereto at oral argument, such a determination by the Secretary of State renders moot the points raised in this appeal. "A claim is moot when the judgment sought would have no practical effect in a controversy." *Knight v. Carnahan*, 282 S.W.3d 9, 15 (Mo.App. W.D.2009). Any decision this Court could reach on the issues raised on appeal would have no effect on the fate of

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. Appellants previously filed a motion to dismiss the appeal for mootness, asserting that they had secured, via a Sunshine Law request for documents, copies of all the petitions filed by Harris with Secretary of State, and based on their count, the initiative petition lacked sufficient signatures in at least four congressional districts. This motion was denied by the Court.

the ballot initiative. While Respondents did observe that the issue of whether a contest regarding the form of the petition is ripe for litigation prior to the Secretary of State's certification of the initiative petition could theoretically fall within the exception to the mootness doctrine relating to matters which might otherwise evade review, neither Appellants, who requested that this court dismiss their appeal as moot, nor any of the Respondents have argued that we should apply this exception. We thus decline to do so.

 As noted *supra,* Appellants filed a motion to dismiss the appeal for mootness on June 15, 2010, prior to oral arguments, asserting that the initiative petition lacked sufficient signatures to be certified for inclusion on the November ballot. The motion was denied by this Court by order dated June 30, 2010 without prejudice to such claim being reasserted "by any of the parties if warranted by subsequent events." In their Reply Brief, Appellants once again reasserted their claim that the appeal should be dismissed for mootness, and requesting, as they did in the prior motion, that the case be remanded to the trial court with directions to, among other things, set aside its judgment in this case. Thereafter, on August 3, 2010, after the Secretary of State certified the petition as insufficient, Appellants again renewed their request that the appeal be dismissed as moot and for vacatur as requested in their Reply Brief. None of the Respondents objected to the dismissal or vacatur. After handdown of our original opinion, but prior to issuance of our mandate, this Court recognized that the original opinion failed to address the request for vacatur. Accordingly, on our own motion, the Court granted rehearing and submission to the same panel without further briefing or argument.

In *Asher v. Carnahan,* 268 S.W.3d 427, 429 (Mo.App. W.D.2008), the trial court found, among other things, that the Secretary of State's "summary portion of an official ballot title for an initiative petition was insufficient or unfair under section 116.190 and certified revised ballot language." The Secretary appealed that portion of the judgment pertaining to the summary statement. *Id.* While the appeal was pending, the proponents failed to file signatures to have the petition put on the ballot by the deadline for doing so, and therefore the initiative was not placed on the ballot, and the appeal was rendered moot. *Id.* Accordingly, this Court dismissed the appeal. *Id.* at 432. In doing so, however, the Secretary requested that we vacate the portion of the trial court's judgment pertaining to the summary ballot language. *Id.* In analyzing that issue, the Court stated:

> "The normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal." *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 243 (Mo.App. W.D.1998). " 'A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.' " *Id.* at 242 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 25, 115 S.Ct. 386, 391, 130 L.Ed.2d 233 (1994)).

*Id.* Finding "no compelling reason to deviate from this default rule," we dismissed the appeal as moot and remanded the case to the trial court "with instructions to . . . vacate the portions of its judgment pertaining to summary statement of the official ballot title." *Id.*

In this case, we likewise see no reason to deviate from the default rule, particularly since none of the Respondents filed

761

objections to Appellants' renewed request for vacatur. Accordingly, the appeal is dismissed, and the case is remanded to the circuit court with directions to vacate its judgment.

All concur.