

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JACOB HUMMEL, )
)
Respondent, )
)
v. ) WD85004
)
JOHN R. ASHCROFT, ET AL., ) Opinion filed: June 28, 2022
)
Appellants. )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE DANIEL R. GREEN, JUDGE**

Special Division: Edward R. Ardini, Jr., Presiding Judge,
Anthony Rex Gabbert, Judge and Janet Sutton, Judge

Missouri Secretary of State John R. Ashcroft ("the Secretary") appeals the judgment of the

Circuit Court of Cole County, which found the Secretary's summary statement in an official ballot

title for an initiative petition insufficient and unfair. The Secretary asserts the trial court's judgment

should be reversed for three reasons: (1) "the case was not 'fully and finally adjudicated within

one hundred eighty days of filing,'" as required by section 116.190.5, RSMo[1]; (2) the trial court

"erred in announcing a new rule that, when the ballot measure itself is less than 100 words, the

Secretary is required to simply reproduce the text of the measure as the summary statement"; and

(3) the summary statement drafted by the Secretary was sufficient and fair.

---

[1] All statutory references are to RSMo (2016).

However, during the pendency of this appeal, the signature submission deadline for the initiative's inclusion on the November 2022 ballot passed without the proponents submitting any signatures to the Secretary. As a result, the initiative will not appear on the November 2022 ballot, rendering this appeal moot. We dismiss the appeal and remand the case to the trial court with instructions to vacate the judgment.

## Governing Law

To provide context for the facts and issues relevant to this appeal, we briefly set forth the pertinent law governing initiative petitions and ballot title challenges.

In Missouri, "[t]he people reserve power to propose and enact . . . amendments to the constitution by the initiative, independent of the general assembly[.]" Mo. Const. art. III, § 49. The process to put such an initiative measure before the voters involves, among other things, the Secretary certifying the measure's official ballot title and the proponents obtaining the requisite number of signatures in support of submitting the measure to the voters. *See* §§ 116.120, 116.150, 116.180.

The official ballot title consists of a brief summary statement of the measure and "a fiscal note summary assessing the measure's financial impact." *Hill v. Ashcroft*, 526 S.W.3d 299, 314 (Mo. App. W.D. 2017); *see also* § 116.010(4). The Secretary is responsible for drafting the summary statement,[2] which "shall be a concise statement not exceeding one hundred words" and "in the form of a question using language neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." § 116.334.1.

"Any citizen" who wishes to challenge a summary statement as "insufficient or unfair" may bring an action in the Circuit Court of Cole County "within ten days after the official ballot

---

[2] The auditor is responsible for drafting the fiscal note summary; that summary is not at issue in this appeal.

title is certified by" the Secretary. § 116.190.1, .3. The petition initiating the action "shall state the reason or reasons why the summary statement portion of the official ballot title is insufficient or unfair and shall request a different summary statement portion of the official ballot title." § 116.190.3.

Actions challenging official ballot titles "shall be placed at the top of the civil docket," and "the court shall consider the petition, hear arguments, and in its decision certify the summary statement portion of the official ballot title to the secretary of state." § 116.190.4. "Any action brought under this section that is not fully and finally adjudicated within one hundred eighty days of filing . . . including all appeals, shall be extinguished, unless a court extends such period upon a finding of good cause for such extension." § 116.190.5. "Such good cause shall consist only of court-related scheduling issues and shall not include requests for continuance by the parties." *Id.*

**Factual and Procedural Background**

On December 30, 2020, Chris Vas submitted an initiative petition (Initiative Petition 2022-004) to the Secretary, seeking to add the following language to article I, section 29 of the Missouri Constitution (proposed addition underlined):

> Section 29. That employees shall have the right to organize and to bargain collectively through representatives of their own choosing. That every employee shall have the freedom to work without being forced to pay any fees to a union or join a union as a condition of employment, such that no person shall be required as a condition of employment or continued employment to: (1) become, remain, or refrain from becoming a member of a labor organization; or (2) pay any dues, fees, assessments, or other similar charges however denominated of any kind or amount to a labor organization or third party in lieu thereof.

The Secretary prepared the following summary statement:

> Do you want to amend the Missouri Constitution to provide that every employee shall have the freedom to work without being forced to join or pay any fees to a union (labor organization) in order to gain or keep a job?

3

On February 22, 2021, the Secretary certified the official ballot title for Initiative Petition 2022-004.

On March 4, 2021, Respondent Jacob Hummel ("Hummel") initiated this ballot title challenge by filing a petition in the trial court. Hummel subsequently filed an amended petition, in which he asserted the Secretary's summary statement for Initiative Petition 2022-004 was insufficient and unfair. The Secretary answered, and on August 31, 2021—180 days after Hummel filed his original petition—moved to dismiss the case pursuant to section 116.190.5 ("Any action brought under this section that is not fully and finally adjudicated within one hundred and eighty days of filing . . . shall be extinguished, unless a court extends such period upon a finding of good cause for such extension."). On September 2nd, Hummel filed suggestions in opposition and a motion for continuance, requesting the trial court "exercise its discretion to extend the time period to adjudicate this case." The trial court heard argument on the motions, and subsequently issued an order denying the Secretary's motion to dismiss, finding "there [was] good cause to extend the time to adjudicate this matter due to court-related scheduling issues."

On October 28, 2021, the trial court conducted a bench trial on stipulated facts and exhibits. On November 18, 2021, the trial court entered judgment finding the Secretary's summary statement insufficient and unfair. The trial court found that while the Secretary was afforded 100 words to describe the measure, in this case "the initiative itself [was] a mere 85 words." The trial court determined that "if the proposed ballot language is under 100 words, (as is the case herein), the summary should simply recite the full text of the measure as the ballot title." The trial court certified a revised summary to the Secretary, which contained the entire language of the proposed ballot measure.

The Secretary filed his notice of appeal on November 30, 2021. While appeals involving ballot title challenges typically proceed on an accelerated schedule, neither of the parties requested expedited briefing. Nevertheless, in recognition that this appeal "implicate[d] the time restrictions imposed by section 116.190.5, RSMo 2016, for final adjudication of this matter," this Court advised that "no motions for extensions of time will be considered by this Court for the filing of the record on appeal or for the filing of the briefs in this matter" and that the parties were "free to expedite this matter, if they so choose, by filing the record or briefs prior to their due dates." Despite this suggestion, briefing proceeded at a regular pace with the Secretary filing his opening brief on April 29, 2022, Hummel filing his responsive brief on May 31, 2022, and the Secretary filing a reply brief on June 15, 2022. In addition, on May 31, 2022, the parties stipulated to the following:

1. The deadline to submit signatures to qualify an initiative petition for the November 2022 general election ballot was May 8, 2022 at 5:00 p.m.

2. No signatures were submitted in an attempt to qualify Initiative Petition 2022-004 for the November 2022 general election ballot.

3. Signatures may not be turned in past the May 8, 2022 deadline to qualify an Initiative Petition for the November 2022 general election ballot.

**Analysis**

The Secretary asserts three points on appeal, arguing we should reverse the judgment because (1) "the case was not 'fully and finally adjudicated within one hundred eighty days of filing,'" as required by section 116.190.5, in that Hummel requested to extend the 180-day deadline after it had passed and there was "no evidence of court-related scheduling issues to support extending the timeline"; (2) the trial court "erred in announcing a new rule that, when the ballot measure itself is less than 100 words, the Secretary is required to simply reproduce the text of the measure as the summary statement"; and (3) the summary statement drafted by the Secretary

5

was sufficient and fair. However, we need not address the merits of these arguments because we find this appeal has been rendered moot.

"A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Asher v. Carnahan*, 268 S.W.3d 427, 429-30 (Mo. App. W.D. 2008). In order for this measure to appear on the November 2022 ballot, the proponents had to submit the requisite number of signatures to the Secretary by May 8, 2022. *See id.* at 430 ("The Missouri Constitution requires that signatures be submitted to the Secretary six months prior to the election." (citing Mo. Const. art. III, § 50)). No signatures were submitted by that deadline, and thus this measure will not appear on the November 2022 ballot. Because the measure will not appear on the ballot, "there is no live controversy for this court to resolve." *See Asher*, 268 S.W.3d at 429.

The pertinent facts here are almost identical to those in *Asher v. Carnahan.* In *Asher*, Secretary Carnahan appealed a judgment finding her summary statement in an official ballot title insufficient and unfair. *Id.* However, during the pendency of the appeal, the signature submission deadline passed without the proponents of the initiative submitting any signatures. *Id.* Accordingly, we found the case was moot, noting that "[a]ny decision concerning the circuit court's application of the 'insufficient or unfair' standard would have no real effect on the controversy because neither the Secretary's ballot language, nor the circuit court's, nor this court's preferred language would appear on the November 2008 ballot." *Id.* at 430.

Like in *Asher*, here, neither the Secretary's summary statement nor the trial court's preferred language will appear on the ballot, thus any determination by this Court concerning the trial court's findings on appropriate ballot language would have no effect on any existing controversy. For that same reason, any determination by this Court relating to the trial court's

6

authority to revise the summary statement after expiration of the 180-day litigation window found in section 116.190.5 would have no practical effect on an existing controversy. Thus, the matter is moot. *See Asher*, 268 S.W.3d at 430; *see also Busch v. Carnahan*, 320 S.W.3d 757, 759-60 (Mo. App. W.D. 2010) (dismissing appeal as moot because during the pendency of the appeal "the Secretary of State certified the petition as insufficient because not enough valid signatures were obtained to place the initiative petition on the ballot, and no timely suit was filed to challenge that determination").

The Secretary concedes that the passage of the signature submission deadline rendered his appeal moot, but argues we should nonetheless address the merits of his first point relied on, arguing it falls within the "public interest" exception to the mootness doctrine.[3] Under this narrow exception, an appellate court is required to dismiss a moot appeal unless the "case presents an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies." *Asher*, 268 S.W.3d at 431. However, we find this exception inapplicable to this appeal because the issues raised in Point One are not doomed to "evade appellate review in future live controversies."

The Secretary asserts that the issues raised in Point One—which include the trial court's authority to act after the 180-day litigation deadline has expired—will evade appellate review "[b]ecause of the mandatory 180-day litigation window in § 116.190.5[.]" Although not expressly stated, the Secretary's "evasion-of-appellate-review argument" appears to be founded on the premise that since litigation involving a challenge to a ballot title is extinguished "if not fully and finally adjudicated within one hundred eighty days of filing," an appellate court would thereby

---

[3] The Secretary acknowledges that his "second and third Points Relied On, which go to the merits of the circuit court's rewrite of the Secretary's original summary statement," are moot and not subject to any exception to the mootness doctrine.

lack authority, by operation of section 116.190.5, to hear an appeal challenging any trial court action that was taken outside that 180-day litigation window.

The Secretary's blanket assertion that appeals concerning trial court action taken in ballot title challenges beyond the 180-day litigation window (as raised in his Point One) "will perpetually evade appellate review if this Court does not apply the public-interest exception to the mootness doctrine" ignores pertinent statutory language. Indeed, section 116.190.5 permits courts, *including this Court*, to extend the litigation window "upon a finding of good cause for such extension."[4] Thus, section 116.190.5 would not operate as a categorical bar to an appellate court exercising authority over future ballot title appeals outside the 180-day litigation window that, unlike this case, involve ballot measures still capable of appearing on the ballot.[5] In addition, the Secretary does not address in his briefing why a complaint directed at a trial court's authority to grant an extension to the litigation window *after* expiration of the 180-day period could not also be challenged in a future case involving a live controversy through a writ proceeding.[6] As a result, we reject the Secretary's assertion that appellate review will be "perpetually" unavailable in future cases directed at trial court action occurring more than 180-days after the action was filed.[7]

---

[4] "Such good cause shall consist only of court-related scheduling issues and shall not include requests for continuance by the parties." § 116.190.5. Indeed, this is the provision at the heart of Point One of the Secretary's appeal.

[5] We note that in arguing that section 116.190.5 will permit the issues raised in his first point on appeal to "perpetually evade appellate review," the Secretary fails to explain how the argument upon which he relies does not bar this Court from hearing his *present* appeal. The Secretary has never asserted that we lack authority to hear his current appeal on the grounds that we are outside the time limits imposed by section 116.190.5. In fact, it was only in response to this Court's request that the parties address the question of mootness following the failure of the proponents to submit signatures by the deadline that the Secretary raised this issue and then only as it relates to future appeals, not his own. Because we are dismissing this appeal as moot, it is unnecessary for us to address application of section 116.190.5 to the present appeal.

[6] In fact, counsel for the Secretary indicated during the hearing before the trial court at which the extension was granted that the filing of a writ was "probably what the Secretary of State's Office will do." At oral argument, counsel for the Secretary confirmed that no such writ proceeding was initiated.

[7] We note that in most appeals involving ballot title challenges, the parties request, and receive, expedited briefing and argument schedules. Based on the prior practices of this Court to resolve ballot-related cases as quickly as possible, it is apparent that, had the parties sought to expedite this appeal or heeded the Court's invitation to voluntarily

Based on the foregoing, we find that the points raised in this appeal are moot because the measure—and its official ballot title—will not appear on the November 2022 ballot, and further find that the "public interest" exception to the mootness doctrine is not applicable to the issues raised in Point One.

Finally, we conclude that vacatur of the trial court's judgment is warranted here. The Secretary has requested that, should we dismiss this appeal as moot, we remand with instructions to the trial court to vacate its judgment. "The normal practice should be to vacate the judgment when one or more parties requests such action in a case moot on appeal." *Asher*, 268 S.W.3d at 432 (internal marks omitted). We can discern no reason to deviate from this rule. *See id.*

### Conclusion

We dismiss the appeal as moot and remand with instructions to the trial court to vacate its judgment.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

accelerate the filing of the record on appeal and briefs, this appeal would have been resolved well in advance of the deadline for the filing of signatures.