

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| NANCY COPENHAVER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD87430 (Consolidated with WD87431) |
| | ) | |
| JOHN R. ASHCROFT, ET AL., | ) | Opinion filed: September 3, 2024 |
| | ) | |
| Appellants. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
### THE HONORABLE COTTON WALKER, JUDGE

Special Division: Anthony Rex Gabbert, Chief Judge,
Edward R. Ardini, Jr., Judge and W. Douglas Thomson, Judge

Missouri Secretary of State John R. Ashcroft, Speaker of the Missouri House of Representatives Dean Plocher, President Pro Tem of the Missouri Senate Caleb Rowden, State Senator Rusty Black, and the Missouri Sheriffs' Retirement System (collectively, "Defendants") appeal the judgment of the Circuit Court of Cole County finding an official summary statement drafted by the Missouri General Assembly insufficient and unfair and rewriting the summary statement. While we agree with the trial court that certain aspects of the summary statement are insufficient or unfair and require revision, we certify to the Secretary of State an official summary statement with more limited revisions than those ordered by the trial court.

**Background**

In May 2024, the Missouri General Assembly passed Senate Joint Resolution 71 ("SJR 71"). SJR 71 seeks to amend article I, section 14 of the Missouri Constitution, which currently provides, in its entirety:

> That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.

Article I, section 14 prohibits the sale of justice. *Harrison v. Monroe Cnty.*, 716 S.W.2d 263, 267 (Mo. banc 1986). The "constitutional proscription against the sale of justice extends to guarantee access to the courts without a requirement of payment of unreasonable charges." *Id.* Accordingly, court costs that are not "reasonably related to the expense of the administration of justice" violate article I, section 14, and are unconstitutional. *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 584 (Mo. banc 2021) (section 57.955, RSMo—which authorized a $3 surcharge in civil and criminal cases to fund the Missouri Sheriffs' Retirement Fund—was "not 'reasonably related to the expense of the administration of justice' and therefore, violate[d] article I, § 14"); *Harrison*, 716 S.W.2d at 267 ($4 surcharge in civil cases to fund compensation for county officials who received additional training bore "no reasonable relationship to the expenses of the administration of justice" and thus the fees violated article I, section 14).

SJR 71 seeks to amend article I, section 14 by adding the following provision:

> 2. In order to ensure that all Missourians have access to the courts of justice as guaranteed by this Constitution, the administration of justice shall include the levying of costs and fees to support salaries and benefits for sheriffs, former sheriffs, prosecuting attorneys, former prosecuting attorneys, circuit attorneys, and former circuit attorneys.

2

The general assembly prepared a summary statement for the submission of SJR 71 to the voters:

> Shall the Missouri Constitution be amended to preserve funding of law enforcement personnel for the administration of justice?

The Secretary of State certified the official ballot title for SJR 71, which included the above summary statement prepared by the general assembly. The Secretary of State also prepared and certified the following Fair Ballot Language:

> A "yes" vote will amend the Missouri Constitution to levy costs and fees to support salaries and benefits for current and former sheriffs, prosecuting attorneys, and circuit attorneys to ensure all Missourians have access to the courts of justice.

> A "no" vote will not amend the Missouri Constitution to levy costs and fees related to current or former sheriffs, prosecuting attorneys and circuit attorneys.

> If passed, this measure will have no impact on taxes.

SJR 71 will appear as Amendment 6 on the November 5, 2024 general election ballot.

Nancy Copenhaver initiated this action for declaratory and injunctive relief under section 116.190, RSMo,[1] challenging the sufficiency and fairness of the summary statement. She named as defendants the Secretary of State, Plocher, Rowden, and Black.[2] The Missouri Sheriffs' Retirement System sought and was granted leave to intervene. The matter was tried before the trial court on stipulated facts and exhibits. Thereafter, the trial court entered judgment in favor of Copenhaver, finding the summary statement insufficient and unfair for three reasons: (1) "it fails to include the central feature of the amendment:

---

[1] All statutory references are to RSMo 2016.

[2] Senator Black was the legislative sponsor of SJR 71.

the levying of costs and fees"; (2) the word "preserve" fails "to provide sufficient notice to a reasonable voter that the amendment, if passed, authorizes the imposition of new, additional court fees"; and (3) "the term 'law enforcement personnel' is unnecessarily misleading" in that a "reasonable voter is unlikely to assume that the phrase would include prosecuting and circuit attorneys" or that it "includes *former* personnel of any kind." The trial court vacated the summary statement and rewrote it as follows:

> Shall the Missouri Constitution be amended to include levying of costs and fees to support salaries and benefits for sheriffs, former sheriffs, prosecuting attorneys, former prosecuting attorneys, circuit attorneys, and former circuit attorneys for the administration of justice so all Missourians have access to courts of justice as guaranteed by this Constitution?

> Defendants filed a Joint Motion to Amend the Judgment pursuant to Rule 78.07(c), seeking to "remedy errors relating to the language of the judgment," which was denied by the trial court. This appeal followed.

## Standard of Review

The parties submitted the case to the trial court upon a joint stipulation of facts and exhibits. "Where, as here, the parties argue the fairness and sufficiency of the summary statement based on stipulated facts, joint exhibits, and undisputed facts, the only question on appeal is whether the circuit court drew proper legal conclusions, which the appellate court reviews *de novo*." *Fitz-James v. Ashcroft*, 678 S.W.3d 194, 202 (Mo. App. W.D. 2023).

4

## Discussion

### *Governing Law*

Before addressing Defendants' specific claims of trial court error, we set forth the governing law.

The summary statement at issue in this appeal was written by the general assembly, as authorized by section 116.155.1 ("The general assembly may include the official summary statement . . . in any statewide ballot measure that it refers to the voters."). A summary statement written by the general assembly shall contain no more than fifty words, excluding articles, and "shall be a true and impartial statement of the purposes of the proposed measure in language neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." § 116.155.2.

A citizen who wishes to challenge the summary statement submitted by the general assembly may bring an action in the Circuit Court of Cole County. § 116.190.1. "The petition shall state the reason or reasons why the summary statement portion of the official ballot title is insufficient or unfair and shall request a different summary statement portion of the official ballot title." § 116.190.3. "[T]he party challenging the language of the summary statement bears the burden to show that the language is insufficient or unfair." *Pippens v. Ashcroft*, 606 S.W.3d 689, 701 (Mo. App. W.D. 2020). "Insufficient means inadequate; especially lacking adequate power, capacity, or competence." *Id.* (internal marks omitted). "The word 'unfair' means to be marked by injustice, partiality, or deception." *Id.* (internal marks omitted).

5

"The summary statement 'should accurately reflect both the legal and probable effects of the propos[al].'" *Id.* (quoting *Shoemyer v. Mo. Sec'y of State*, 464 S.W.3d 171, 174 (Mo. banc 2015)). "[T]he summary statement should inform voters of the 'central feature[s]'" of the proposal, yet "it 'need not set out the details of the proposal to be fair and sufficient.'" *Id.* at 701-02 (quoting *Stickler v. Ashcroft*, 539 S.W.3d 702, 709 (Mo. App. W.D. 2017)). "The applicable question is not whether the summary drafted is the best summary, but whether it gives the voter a sufficient idea of what the proposed amendment would accomplish, without language that is intentionally unfair or misleading." *Id.* at 702 (internal marks omitted). "The idea is to advise the citizen what the proposal is about." *Id.*

"It is clear that there is a wide range of acceptable ballot summaries for any particular proposed amendment to the constitution." *Asher v. Carnahan*, 268 S.W.3d 427, 431 (Mo. App. W.D. 2008) ("If charged with the task of preparing the summary statement for a ballot initiative, ten different writers would produce ten different versions."). Thus, "Missouri courts have regularly cautioned restraint in the modification of summary statements and have indicated that modifications should be made in the most limited fashion possible." *Fitz-James*, 678 S.W.3d at 214; *see also Pippens*, 606 S.W.3d at 713 ("after identifying deficiencies in a ballot summary, we will revise the existing summary 'while modifying the [existing] language in the most limited fashion possible'" (quoting *Boeving v. Kander*, 493 S.W.3d 865, 883 (Mo. App. W.D. 2016))).

### Defendants' Claims on Appeal

Defendants raise four points on appeal. Points 1, 2 and 3, correlate with the trial court's three bases for finding the summary statement insufficient and unfair. Thus,

Defendants challenge the trial court's finding that the levying of costs and fees is a central feature of SJR 71 and was required to be included in the summary statement (Point 1), its finding that the word "preserve" is misleading (Point 2), and its finding that the phrase "law enforcement personnel" is misleading (Point 3). In Point 4, they argue the trial court erred by rewriting the entirety of the summary statement rather than narrowly fixing the "three discrete deficiencies" identified.

*Levying Costs and Fees*

The trial court found that the general assembly's summary statement failed to include the central feature of the proposed amendment, which "is the levying of costs and fees" for the purpose of funding the salaries and benefits of current and former sheriffs, prosecuting attorneys, and circuit attorneys. We similarly find that the general assembly's summary statement does not include the central feature of the amendment.

The general assembly's summary statement simply asks voters if "the Missouri Constitution shall be amended to preserve funding of law enforcement personnel" and wholly fails to advise the voters that the funding will come from the levying of costs and fees. The "levying of costs and fees" is a central feature of the amendment. Indeed, the overall purpose of SJR 71 is to declare that the levying of costs and fees for salary and benefits of certain law enforcement personnel falls within the purview of the "administration of justice." This purpose is evident given that SJR 71 is a response to the Missouri Supreme Court's decision in *Fowler v. Missouri Sheriffs' Retirement System*, where the Court held that the imposition of court costs and fees to fund the Missouri Sheriffs' Retirement Fund was not reasonably related to "the administration of justice" and

7

thereby violated article I, section 14 of the Missouri Constitution. *See* 623 S.W.3d at 584-85. The Missouri Sheriffs' Retirement System concedes as much on appeal, stating "this constitutional amendment is necessary in the wake of the Supreme Court's decision in *Fowler*." Without advising voters that the proposed amendment would define "the administration of justice" to include the "levying of costs and fees," the general assembly's summary statement does not provide voters "a sufficient idea of what the proposed amendment would accomplish." *Pippens*, 606 S.W.3d at 702. As a result, the trial court was correct in finding the general assembly's summary statement does not include the central feature of the amendment.

The trial court was incorrect, however, in its attempt to correct this deficiency, as the trial court's re-write mischaracterizes the effect of the proposed amendment. The trial court rewrote the summary statement to ask, "Shall the Missouri Constitution be amended to include levying of costs and fees . . . ." But SJR 71—if passed by the voters—would not *itself* levy any costs or fees as the trial court's summary statement suggests. Rather, the amendment would enshrine into the constitution a broader meaning of "the administration of justice," which could serve to permit the general assembly to authorize the imposition of court costs and fees to support salaries and benefits for current and former sheriffs, prosecuting attorneys, and circuit attorneys without offending article I, section 14 of the

Missouri Constitution.[3] Thus, the trial court's summary statement does not accurately inform the voters of the effect of the proposed amendment and must be modified.[4]

*"Preserve"*

The trial court also determined the general assembly's summary statement is insufficient and unfair in that use of the word "preserve" is misleading. The trial court did not err in this determination.

The general assembly's use of the phrase "preserve funding" inaccurately suggests that the passage of SJR 71 would simply maintain or keep alive an existing funding structure. *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/preserve (last visited Sept. 3, 2024) ("Preserve" is defined as "maintain" or "to keep alive, intact"). However, as previously noted, in *Fowler v. Missouri Sheriffs' Retirement System*, the Missouri Supreme Court held that the statute authorizing court costs to fund the sheriffs' retirement fund was unconstitutional. 623 S.W.3d at 584-85. As a result, presently no court costs are being contributed to the sheriffs' retirement

---

[3] Although the amendment does not identify these costs and fees as "court" costs and fees, given the amendment's proposed location in the constitution and the underpinnings of *Fowler v. Missouri Sheriffs' Retirement System*, it is clear that the amendment refers to "court" costs and fees.

[4] While the Secretary argues on appeal that the trial court's summary statement misstates what the measure does, as "SJR 71 itself does <u>not</u> automatically impose fees" but "merely defines the administration of justice to '<u>include</u> the levying of costs and fees,'" we note that the Fair Ballot Language prepared and certified by the Secretary provides that "A 'yes' vote will amend the Missouri Constitution to levy costs and fees . . . ." Indeed, it appears that the trial court closely tracked the Secretary's Fair Ballot Language in rewriting the general assembly's summary statement. However, the Secretary's Fair Ballot Language is not before us and we express no view as to the language contained therein.

fund. SJR 71, therefore, contemplates a "new" funding source for the sheriffs' retirement fund, rather than "preserving" an existing funding system.

Because the general assembly's use of the phrase "preserve funding" is misleading, the trial court did not err by rewriting the summary statement to omit this phrase.

*"Law Enforcement Personnel"*

The trial court next determined the general assembly's summary statement is insufficient and unfair in that the phrase "law enforcement personnel" is misleading, as "a reasonable voter is unlikely to assume that the phrase would include prosecuting and circuit attorneys" or that it "includes *former* personnel of any kind." Thus, the trial court rewrote the summary statement to specifically state that the proposed amendment would support salaries and benefits for current and former sheriffs, prosecuting attorneys, and circuit attorneys. We find, however, that the trial court's re-write went farther than necessary.[5]

The trial court concluded that prosecuting attorneys and circuit attorneys are not law enforcement personnel, citing Missouri statutes defining law enforcement officers as those with the power to arrest. But "law enforcement personnel" is a broader category of

---

[5] On appeal, the Secretary, Plocher, Rowden, and Black ("State Defendants") assert the trial court erred in modifying the phrase "law enforcement personnel" in that Copenhaver did not allege in her petition that this phrase was insufficient or unfair. This argument, however, is not preserved for our review. First, this allegation of error was not included in Defendants' joint motion to amend the judgment. Allegations of error relating to the language of the judgment "must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c); *cf. Fitz-James*, 678 S.W.3d at 216 (The Secretary "failed to preserve for appellate review any allegations of error relating to the form or language of the judgment" when he did not file a motion to amend the judgment pursuant to Rule 78.07(c)). Moreover, this claim of error was not included in State Defendants' point relied on, and was only advanced in the argument section of their brief. *See Sweeney v. Ashcroft*, 652 S.W.3d 711, 731 n.14 (Mo. App. W.D. 2022) ("[a]rguments advanced in the brief but not raised in the point relied on are not preserved, and will not be addressed by this court").

10

individuals that includes more than just law enforcement "officers." The criminal justice system has many parts, and included in it are prosecuting and circuit attorneys, who carry out the enforcement of criminal law. *See* §§ 56.060.1, 56.450. Thus, while the trial court's summary statement may have provided voters with accurate and helpful information by specifically identifying prosecuting and circuit attorneys as benefitting from SJR 71, "[a] finding of fairness and sufficiency is not dependent upon whether the [general assembly] could have more artfully phrased the summary, or whether increased specificity and accuracy would be preferable." *Sedey v. Ashcroft*, 594 S.W.3d 256, 263 (Mo. App. W.D. 2020) (internal marks omitted); *see also Pippens*, 606 S.W.3d at 704 ("'greater specificity was not required' where the existing summary was 'vague but accurate'" (quoting *Boeving*, 493 S.W.3d at 878)). "Instead, the critical test is whether the language fairly and impartially summarizes the purposes of the measure so that voters will not be deceived or misled." *Sedey*, 594 S.W.3d at 263 (internal marks omitted). Under this standard, we conclude that the term "law enforcement personnel" fairly and impartially describes the positions listed in SJR 71, and by altering the general assembly's summary statement to specify each category of position covered by SJR 71, the trial court acted outside its duty to "modify the [existing] language in the most limited fashion possible." *See Pippens*, 606 S.W.3d at 713.

While we find the phrase "law enforcement personnel" adequately captures prosecuting and circuit attorneys, the simple use of that phrase presents a separate problem. The general assembly's summary statement conveys that passage of the ballot measure would broadly benefit law enforcement. This is misleading because SJR 71 only purports to benefit certain personnel who hold or have held specific positions. In other words, the

11

general assembly wrote its summary statement without limitation, but SJR 71 is limited. Although we recognize, as stated above, that the test is not whether increased specificity would be preferable, *see Sedey*, 594 S.W.3d at 263, the unqualified phrase "law enforcement personnel" ignores that the ballot measure would benefit only a very limited subset of the law enforcement community. This inaccuracy can be fixed by adding the qualifier "certain current and former" before "law enforcement personnel." *Cf. Hill v. Ashcroft*, 526 S.W.3d 299, 318 (Mo. App. W.D. 2017) (rejecting challengers' attempt to modify summary statement that originally included the phrase "certain agreements" when the challengers wanted the type of agreements to be identified).

*Rewritten Summary Statement*

Finally, Defendants argue that the trial court erred by broadly rewriting the entire summary statement instead of making narrow changes to fix the deficiencies identified. To the extent we have found the trial court made unnecessary or improper modifications to the original summary statement, our re-write removes those modifications. Therefore, in light of the deficiencies in the general assembly's and trial court's summary statements, and mindful that courts should make modifications to the original summary statement "in the most limited fashion possible," *Fitz-James*, 678 S.W.3d at 214, we rewrite the summary statement for SJR 71 as follows:

> Shall the Missouri Constitution be amended to provide that the administration of justice shall include the levying of costs and fees to support salaries and benefits for certain current and former law enforcement personnel?

12

We acknowledge that the general assembly's summary statement refers to "funding of law enforcement personnel," the trial court changed the phrase to "support salaries and benefits for" specific categories of law enforcement personnel, and we have maintained the phrase "support salaries and benefits" in our re-write. Defendants have not specifically challenged the phrase "support salaries and benefits" on appeal, and this phrase—which is verbatim from the proposed amendment—advises voters what the proposal is about: not merely broad funding for law enforcement, but the salaries and benefits of certain current and former law enforcement personnel.

## Conclusion

For the reasons stated above, the trial court's judgment is affirmed in part and reversed in part. As authorized by section 116.190.4 and Rule 84.14,[6] we certify the following summary statement for inclusion in the official ballot title for Amendment 6, to appear on the November 5, 2024 general election ballot:

> Shall the Missouri Constitution be amended to provide that the administration of justice shall include the levying of costs and fees to support salaries and benefits for certain current and former law enforcement personnel?

_____
Edward R. Ardini, Jr.

All concur.

---

[6] *See also Pippens*, 606 S.W.3d at 713.

13